UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Randie Lee Grainger,                                   ) | C/A No. 8:25-cv-0509-RMG-WSB |
|                                                                    ) | |
| Plaintiff,           ) | |
|                                                                    ) | |
| v.                                                              ) | **REPORT AND RECOMMENDATION** |
|                                                                    ) | |
| Rhodes, Asst. Director Lauzon, Lt. S. Chomp,  ) | |
| Corp. Shover, Whalen, Montgomery, Corp. Kidder, ) | |
|                                                                    ) | |
| Defendants.      ) | |
|                                                                    ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action against the above-named Defendants. Plaintiff is a detainee at the J. Reuben Long Detention Center in Conway, South Carolina, and he brings this action under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the pleadings for relief and submit findings and recommendations to the District Court. Having reviewed the Complaint in accordance with applicable law, the undersigned finds that this action is subject to summary dismissal.

## BACKGROUND

**Procedural History**

Plaintiff commenced this action by filing a Complaint on the standard form. ECF No. 1. By Order dated January 31, 2025, the Court notified Plaintiff that, upon screening in accordance with 28 U.S.C. §§ 1915 and 1915A, the Complaint was subject to summary dismissal for the reasons identified by the Court. ECF No. 9. The Court noted, however, that Plaintiff might be able to cure the deficiencies of his Complaint and granted Plaintiff twenty-one days to file an amended complaint. *Id*. at 9. Plaintiff was warned as follows:

> **If Plaintiff fails to file an amended complaint that corrects the deficiencies identified [in the Court's Order], this action will be recommended for summary dismissal pursuant to 28 U.S.C. §§ 1915 and 1915A without further leave to amend.**

*Id*. at 10.  Plaintiff has not filed an Amended Complaint, and the time to do so has lapsed.[1]

**Factual Allegations**

Plaintiff purports to bring this action due to censorship of the news on television, which Plaintiff contends is a facility-wide policy that places Plaintiff in harm's way.  *Id.* at 4.  For his injuries, Plaintiff contends he has suffered mental anguish due to censorship of broadcast news, humiliation and degradation from officers due to his complaints; and lockdown due to his "persistent query of policy."  *Id.* at 6.  For his relief, Plaintiff asks that a television "for news only" be placed in every unit.  *Id.*  Plaintiff also seeks $60,000 in actual damages and $240,000 in punitive damages.  *Id.*

Plaintiff makes the following additional allegations in an attachment to the Complaint.  ECF No. 1-1.  Plaintiff contends the Detention Center policy of censoring broadcast/televised news, which has been in place for over a dozen years, is a systemic violation that Plaintiff has only encountered at this Detention Center, and not at any other detention centers or prison facilities.  *Id.* at 1.  Plaintiff has asked every officer that has come into his unit and has filed multiple grievances to learn and understand the purpose for this policy.  *Id.*  No one has given Plaintiff an answer, including Defendant Chomp, who challenged Plaintiff to file this Complaint.  *Id.*  Plaintiff contends that ESPN is regularly played on televisions in the units.  *Id.*  On January 16, 2025, inmates were informed that the inauguration of President Donald Trump would not be allowed on the televisions.

---

[1] Plaintiff's amended complaint was due on February 21, 2025.  ECF Nos. 7; 9.

*Id.* When Plaintiff questioned this action, he was written up because Defendant Montgomery was offended by Plaintiff and his support of President Donald Trump. *Id.* Defendant Montgomery called Plaintiff a "MAGA maggot." *Id.* Plaintiff feels threatened by Defendant Montgomery due to his actions and feels that his safety is at risk. *Id*. at 2. Plaintiff believes that he will continue to be punished or locked up due to his complaints. *Id.*

## STANDARD OF REVIEW

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c) and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court would still be charged with screening Plaintiff's lawsuit to identify cognizable claims or dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999),

construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

## DISCUSSION

**The Action is Subject to Dismissal Pursuant to Rule 41(b)**

This action is subject to dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. As noted, Plaintiff was directed to file an amended complaint in accordance with this Court's Order dated January 31, 2025. ECF No. 9. However, Plaintiff has not filed an amended complaint or any response to the Court's Order, and he has failed to correct the pleading deficiencies of his original Complaint and accompanying documents. Plaintiff has failed to prosecute this case and has failed to comply with the Order of this Court. As Plaintiff has

already ignored this Court's Order and deadlines, action less drastic than dismissal would not be effective. Accordingly, this case should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).

**The Complaint is Subject to Dismissal**

Even if this action were not subject to dismissal under Rule 41, the Complaint is subject to dismissal. The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

*Defendants Entitled to Dismissal*

The only two Defendants against whom Plaintiff makes any allegations are Chomp and Montgomery. The remaining named Defendants—Rhodes, Lauzon, Shover, Whalen, and Kidder—are entitled to dismissal from this action because Plaintiff has failed to allege facts against them to demonstrate their personal involvement in the alleged constitutional violations.

Plaintiff alleges Chomp gave Plaintiff "zero information" about the Detention Center's policy and challenged Plaintiff to file the Complaint. ECF No. 1-1 at 1. These allegations are insufficient to state a claim for relief of a constitutional magnitude. Plaintiff alleges Montgomery informed the inmates that President Donald Trump's inauguration would not be televised to the

5

inmates. *Id*. Plaintiff also alleges Montgomery wrote Plaintiff up and called him a "MAGA maggot." *Id*. Again, these allegations are insufficient to state a claim for relief of a constitutional magnitude. *See, e.g., Arrick v. Fed. Bureau of Prisons*, C/A No. 1:17-cv-131, 2019 WL 8301052, at *22 (N.D. W. Va. Dec. 10, 2019) ("Name-calling alone cannot form the basis of a constitutional violation because a person has no liberty interest at stake. Numerous courts around the country have held that 'even the most abusive verbal attacks do not violate the constitution.'" (citations omitted)), *R&R adopted by* 2020 WL 1472243 (N.D. W. Va. Mar. 26, 2020), *aff'd*, No. 21-6589, 2021 WL 4860337 (4th Cir. Oct. 19, 2021).

All remaining Defendants should be dismissed as Plaintiff fails to make any allegations against them about their direct, personal involvement in the events underlying his claims. Instead, Plaintiff merely names the remaining Defendants in the caption and makes only general, vague allegations about his claims. However, "such general allegations, absent any specific facts of personal involvement in the events giving rise to this case, are insufficient to state a cognizable § 1983 claim." *Tracey v. Nelson*, C/A No. 1:12-cv-1614-JMC-SVH, 2012 WL 4583107, at *2 (D.S.C. Aug. 31, 2012), *R&R adopted by* 2012 WL 4588205 (D.S.C. Oct. 1, 2012). Because Plaintiff makes no factual allegations in the Complaint of personal involvement against these Defendants, they are each entitled to summary dismissal. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *Newkirk v. Cir. Ct. of City of Hampton*, C/A No. 3:14-cv-372-HEH, 2014 WL 4072212, at *2 (E.D. Va. Aug. 14, 2014) (finding the complaint was subject to summary dismissal where plaintiff made no factual allegations against the named defendants within the body of the pleading).

Facility Director Rhodes and Assistant Director Lauzon appear to be named by virtue of their supervisory responsibilities over the Detention Center. These Defendants are subject to dismissal to the extent Plaintiff's claims against them are based on supervisory liability. The doctrine of respondeat superior is generally not applicable in § 1983 actions. *Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). For a supervisory official to be held liable for constitutional injuries inflicted by his subordinates, certain criteria must be established. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). Specifically, a plaintiff must show that the supervisory official was (1) actually or constructively aware of a risk of constitutional injury, (2) and deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter*, 164 F.3d at 221. Here, the Complaint contains no plausible allegations against the supervisory Defendants to demonstrate that they were aware of, or deliberately indifferent to, any risk of constitutional injury to Plaintiff. As such, Plaintiff has failed to allege facts against the supervisory Defendants to state a claim for relief because the Complaint has not alleged facts showing their personal involvement in any constitutional violation or that they are subject to supervisory liability.

### *Claims Subject to Dismissal*

Additionally, Plaintiff's claims are subject to dismissal because they are not cognizable or because Plaintiff has failed to allege facts to state a plausible claim for relief. Plaintiff's cursory allegations as a whole are insufficient to state a claim for relief. Although the allegations in the Complaint are cursory, liberally construed, the Complaint appears to assert at least two claims—a

claim for censorship of television news and a claim for retaliation. Those two claims are addressed below. To the extent Plaintiff intended to assert any other claims, the Complaint contains insufficient allegations to support relief.

### *Censorship of Television News*

Plaintiff purports to bring a claim for censorship of television news. ECF No. 1 at 4. To support this claim, Plaintiff contends that inmates were denied the opportunity to watch the inauguration of President Donald Trump. ECF No. 1-1 at 1–2.

To the extent Plaintiff attempts to allege that the denial of news is an Eighth or Fourteenth Amendment violation,[2] his claim fails. *See McFadden v. Corpening*, C/A No. 1:17-cv-304-FDW, 2018 WL 1308143, at *3 (W.D.N.C. Mar. 13, 2018) ("Depriving prisoners of access to radios, newspapers, and television as part of a disciplinary program does not constitute an extreme deprivation of the minimum civilized measure of life's necessities that is contemplated by the Eighth Amendment.").

Plaintiff also fails to allege facts to support a claim under the First Amendment. "Inmates clearly retain their First Amendment right of free speech in prison, which includes the right to access publications. However, the Constitution allows greater restriction of First Amendment rights in a prison setting." *Hardoby v. Sw. Virginia Reg'l Jail Auth.*, C/A No. 7:16-cv-00103, 2017 WL 1067811, at *6 (W.D. Va. Mar. 21, 2017) (citations omitted). Here, Plaintiff admits that, when he complained that he did not have access to television news, he was informed that his family

---

[2] Because Plaintiff is a pretrial detainee and not a convicted prisoner, this claim is governed by the due process clause of the Fourteenth Amendment rather than the Eighth Amendment's prohibition against cruel and unusual punishment. *See Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988).

could buy a newspaper subscription and have it delivered. ECF No. 1 at 8; *see McFadden*, 2018 WL 1308143, at *2 (noting the plaintiff failed to establish a First Amendment claim where he did not allege facts showing there was no rational connection between prison authorities' actions and a legitimate governmental interest and where the plaintiff admitted he could arrange access to newspapers and newsletters). Courts have consistently rejected claims under the First Amendment similar to the one raised by Plaintiff:

> In the Supreme Court case of *Beard v. Banks,* 548 U.S. 521, 126 S.Ct. 2572, 165 L.Ed.2d 697 (2006), the Court concluded that a prison policy prohibiting inmate's access to newspapers, magazines, and photographs did not violate the First Amendment. The Court found that withholding such privileges is a proper and even necessary management technique to induce compliance with the rules of inmate behavior, especially for high-security prisoners who have few other privileges to lose.

*Colberth v. Olson*, C/A No. 4:09-cv-3213-JFA-TER, 2011 WL 976737, at *2 (D.S.C. Mar. 17, 2011) ("With regard to the plaintiff's claim of denial of general access to the media, the plaintiff cannot provide a 'sufficiently serious' deprivation of a basic human need."). Plaintiff has not alleged facts showing he has been deprived of all access to the news, nor has he alleged facts showing that the denial of access to television news violated his rights under the United States Constitution. Plaintiff's claim of television news censorship, to the extent it is premised on a First Amendment violation, is therefore without merit.

### *Retaliation*

Plaintiff may be asserting a claim for retaliation. Although inmates retain their First Amendment rights while incarcerated, the United States Court of Appeals for the Fourth Circuit has explained that claims of retaliation in the prison context should be viewed with "skepticism" even though such a claim could be cognizable in theory. *Cochran v. Morris*, 73 F.3d 1310, 1317

(4th Cir. 1996); *see also Thompson v. Wade*, C/A No. 2:10-cv-174, 2011 WL 13196161, at *3 (E.D. Va. Jan. 14, 2011), *aff'd*, 433 F. App'x 153 (4th Cir. 2011).  To state a prima facie claim of retaliation under § 1983, a plaintiff must allege facts showing that the exercise of constitutional rights was a substantial factor motivating the retaliatory action, and the plaintiff must allege that, as a result of the retaliatory action, he suffered some adverse impact on the exercise of his constitutional rights.  *ACLU of Md. v. Wicomico County*, 999 F.2d 780, 785 (4th Cir. 1993).  Plaintiff's allegations are insufficient to state a viable retaliation claim.  His allegations of motivation are conclusory, and he does not contend that the retaliation deterred him from expressing his views or otherwise "chilled" his exercise of constitutional rights.  Plaintiff also has not established a non-frivolous claim of retaliation because he has not identified the exercise of a constitutionally protected right.  *Banks v. Nagle*, C/A No. 3:07-cv-419-HEH, 2009 WL 1209031, at *3 (E.D. Va. May 1, 2009).  As noted, Plaintiff has not alleged facts showing the violation of his First Amendment rights by the denial of access to television news.

The Court afforded Plaintiff an opportunity to cure the deficiencies in his pleadings, but he failed to file an amended complaint.  As such, because Plaintiff has failed to comply with the Court's directive and applicable rules, this case should be dismissed without prejudice.  *See Potter v. Navey Federal Credit Union*, C/A No. 3:24-cv-00128, 2024 WL 5429593, at *2 (E.D. Va. May 2, 2024), *aff'd*, No. 24-1549 (4th Cir. Feb. 24, 2025) (unpublished).

## **CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, it is recommended that the district court **DISMISS** this action pursuant to 28 U.S.C. §§ 1915 and 1915A without prejudice, without further leave to amend,[3] and without issuance and service of process.

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

February 27, 2025
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[3] As Plaintiff has been afforded an opportunity to file an Amended Complaint but failed to correct his pleading deficiencies, the undersigned recommends that this action be dismissed without further leave to amend.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk<br>
United States District Court<br>
250 East North Street, Suite 2300<br>
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).